UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EFREN GARRIDO, individually and on behalf of            Civil Action No.
all others similarly situated,

                            Plaintiffs,

   -against-

F&M CONSTRUCTION AND DEVELOPMENT CORP,
and FODIE M KOITA,

                            Defendants.
-------------------------------------------------------------------X

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, EFREN GARRIDO ("Plaintiff"), as and for his Class and Collective Action Complaint against Defendants, F&M CONSTRUCTION AND DEVELOPMENT CORP and FODIE M KOITA (hereinafter collectively, "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation, regular wages, minimum wages, and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. §216(b) and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

1

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff Efren Garrido ("Plaintiff") was employed by Defendants as a laborer from on or about August 12, 2020 until on or about October 6, 2020 at a residential construction site located at 427 East 90th Street, New York, New York.

6.      Upon information and belief, Defendant F&M CONSTRUCTION AND DEVELOPMENT CORP. ("F&M Construction") is a New York domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.      Upon information and belief, F&M Construction maintains a principal executive office located at 2214 Frederick Douglas Boulevard, New York, New York.

8.      Upon information and belief, at all relevant times, F&M Construction maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

9.      Upon information and belief, Defendant, Fodie M. Koita ("Koita") is a resident of the State of New York.

10.     Upon information and belief, at all relevant times, Koita was a shareholder, owner, officer, director, supervisor, and/or managing agent of F&M Construction.

11.     Upon information and belief, at all relevant times, F&M Construction was owned, operated, and controlled by Koita.

12.     Upon information and belief, at all relevant times, Koita exercised operational control over F&M Construction, controlled significant business functions of F&M Construction, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of

F&M Construction in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

13. Upon information and belief, at all relevant times, Koita participated in running the daily operations of F&M Construction.

14. Upon information and belief, at all relevant times, Koita participated in the management and supervision of Plaintiff and his work for Defendants at the residential construction site located at 427 East 90th Street, New York, New York.

15. Defendants had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

16. Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to them.

17. Defendants F&M Construction and Koita are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, employed Plaintiff.

## FACTS RELATED TO NAMED PLAINTIFF

18. At all times relevant to this action, Plaintiff was employed for the benefit of and at the direction of Defendants at a residential construction site located at 427 East 90th Street, New York, New York.

19. Plaintiff worked as a laborer at this job site.

20. During his employment, Plaintiff worked the following schedule: Monday through Wednesday, from 7:00 a.m. to 3:30 p.m. with a thirty-minute meal break; Thursday from 7:00 a.m. to 4:30 p.m. with a thirty-minute meal break; Friday from 7:00 a.m. to 5:00 p.m. with a thirty-minute meal break.

3

21. In addition, Plaintiff worked the following Saturdays: August 15, 22, September 19 and 26, 2020 from 9:00 a.m. to 4:00 p.m. with a thirty-minute meal break.

22. During the four weeks that Plaintiff worked Saturdays, he worked 49 hours.

23. During the other weeks of his employment, Plaintiff worked 42.5 hours.

24. Prior to Plaintiff beginning his employment, Defendants agreed to pay him $40.00 an hour.

25. After working the first week of his employment, Defendants paid Plaintiff a $1,000.00 even though Plaintiff worked in excess of 40 hours.

26. Thereafter, Defendants failed to pay Plaintiff any compensation at all.

27. During his employment, Defendants failed to pay Plaintiff the agreed upon regular rate of pay.

28. During this time, Defendants failed to pay Plaintiff compensation at the New York statutory minimum wage rate after the first week of work.

29. During this time, Defendants failed to pay Plaintiff time and one half his regular rate of pay when he worked more than 40 hours in each week of his employment.

30. During this time, Defendants failed to pay Plaintiff overtime compensation.

31. Defendants did not provide Plaintiff with a Notice and Acknowledgement of Pay Rate and Payday, or any other form of wage notice, at his hiring or at any other time thereafter, as required by the NYLL.

32. Defendants did not provide Plaintiff with complete and accurate earnings statements, pay stubs, cash receipts, or any other complete and accurate wage statement, as required by the NYLL.

33. Koita participated in the decision to hire Plaintiff.

34. Koita participated in the decision to fire Plaintiff.

35. Koita participated in setting Plaintiff's work schedules.

36. Koita participated in deciding the hours that Plaintiff worked.

37. Koita participated in deciding the manner in which Plaintiff was paid.

38. Koita participated in the daily supervision of Plaintiff's duties.

39. Koita participated in deciding the job duties that Plaintiff performed on a daily basis.

40. Koita participated in running the day-to-day operations of F&M Construction during Plaintiff's employment.

41. Defendants managed Plaintiff's employment, including the number of hours worked.

42. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies as they pertain to Plaintiff.

43. Defendants were aware of Plaintiff's work hours but failed to pay him overtime compensation, regular wage pay, or even minimum wages for this work time.

44. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiffs has been damaged by such failures.

## FACTS RELATED TO SIMILARLY SITUATED EMPLOYEES

45. Defendants employ similarly situated laborers who were and continue to be subjected to the same unlawful policies alleged herein.

46. Upon information and belief, similarly situated laborers were required to be paid an agreed upon hourly rate of pay, but did not receive such compensation.

47. Upon information and belief, similarly situated laborers worked in excess of forty (40) hours per week without being paid overtime compensation.

48. Upon information and belief, similarly situated laborers did not even receive statutory minimum wages for their work time.

49. Upon information and belief, Defendants did not provide similarly situated laborers with a notice and acknowledgement of pay rate and payday, or any other type of wage notice, as required by NYLL § 195(1).

50. Upon information and belief, Defendants did not provide similarly situated laborers with complete and accurate earnings statements, paystubs, cash receipts, or any other type of wage statement, as required by NYLL § 195(3).

51. Koita participated in the decision to hire similarly situated laborers.

52. Koita participated in the decision to fire similarly situated laborers.

53. Koita participated in setting similarly situated laborers' work schedules.

54. Koita participated in deciding the hours that similarly situated laborers worked.

55. Koita participated in deciding the manner in which similarly situated laborers were paid.

56. Koita participated in the daily supervision of similarly situated laborers' job duties.

57. Koita participated in deciding the job duties that similarly situated laborers performed on a daily basis.

58. Koita participated in running the day-to-day operations of F&M Construction during similarly situated laborers' employment.

59. Defendants manage similarly situated laborers' employment, including the number of hours worked.

60. Defendants dictate, control, and ratify the wage and hour and all related employee compensation policies.

61. Defendants are aware of similarly situated laborers' pay rates but fail to pay them in accordance with such rates or even at the statutory minimum wage rate.

62. Defendants are aware of similarly situated laborers' work hours but fail to pay them overtime compensation to which they are entitled under the law.

63. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for similarly situated bartenders, waiters, and busboys' rights, and similarly situated laborers have been damaged by such failures.

## COLLECTIVE ACTION ALLEGATIONS

64. As this Class and Collective Action Complaint pertains to Counts I and II herein, Plaintiff, individually, and on behalf of all similarly situated current and former employees of Defendants, including its subsidiaries and affiliated companies, bring this action as a collective action under the FLSA to recover, *inter alia*, unpaid overtime compensation, minimum wages, and liquidated damages owed to Plaintiff and all other similarly situated employees, as well as reasonable attorneys' fees and costs incurred in prosecuting this action.

65. Defendants' failure to pay Plaintiff and all other similarly situated employees overtime compensation when these employees worked in excess of forty (40) hours per week has violated the FLSA.

66. Defendants' failure to pay Plaintiff and all other similarly situated employees the statutory minimum wage rate for all hours worked has violated the FLSA.

67. As a result of these unlawful practices, Plaintiff and the similarly situated employees suffered a loss of wages.

68. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and the following class of persons:

> All laborers who worked for Defendants at the residential construction site located at 427 East 90th Street, New York, NY at any time from three (3) years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become Opt-In Plaintiffs ("FLSA Class").

69. Plaintiff and other members of the FLSA Class are similarly situated inasmuch as, *inter alia*, they were required to work in excess of forty (40) hours a week without being paid overtime compensation. They are further similarly situated inasmuch as, *inter alia*, they were not paid the statutory minimum wage rate for all hours worked.

70. Defendants have known that Plaintiff and similarly situated employees have performed work that has required the payment of overtime compensation and minimum wages. Nonetheless, Defendants have operated under a scheme to deprive Plaintiff and the other members of the FLSA Class of overtime compensation and minimum wages by failing to properly compensate them.

71. Defendants' conduct, as alleged herein, has been willful and has caused significant damage to Plaintiff and the similarly situated employees.

## CLASS ACTION ALLEGATIONS

72. As this Complaint pertains to Counts III through VII herein, Plaintiff, individually and on behalf of all similarly situated current and former employees of Defendants, also seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), under the NYLL to recover, *inter alia*, unpaid overtime compensation, unpaid minimum wages, unpaid regular wages, statutory damages for Defendants' wage notice and wage statement violations, liquidated damages,

and interest owed to Plaintiff and all other similarly situated employees, as well as reasonable attorneys' fees and costs incurred in prosecuting this action.

73. Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

> (a) The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;
>
> (b) There are questions of law or fact common to the class which predominate over law and questions affecting only individual members;
>
> (c) The claims or defenses of the representative parties are typical of the claims or defenses of the class;
>
> (d) The representative parties will fairly and adequately protect the interests of the class; and
>
> (e) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definitions

74. Plaintiff seeks certification of a class consisting of the following individuals:

> All laborers who worked for Defendants at the residential construction site located at 427 East 90th Street, New York, NY at any time from six (6) years prior to the filing of this action to the entry of judgment in this action ("New York Class").

## Numerosity

75. Plaintiff satisfies the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

76. The proposed class can be identified and located using the Defendants' records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

### Common Questions of Fact or Law

77. There are questions of fact and law common to each class member which predominate over any questions affecting only individual members.

78. With respect to considerations of consistency, economy, efficiency, fairness, and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

79. Plaintiff's claims are typical of the claims of the class members. As a result of Defendants' unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the respective class he seeks to represent.

### Adequacy

80. Plaintiff is an adequate representative of the class he seeks to represent because he is a member of such class and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

### Superiority

81. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

82. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Plaintiffs to bring individual claims.

83. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ*.
## FAILURE TO COMPENSATE FOR OVERTIME

84. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

85. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

86. Defendants were and are subject to the overtime pay requirements of the FLSA because F&M Construction was and continues to be an enterprise engaged in commerce or in the production of goods for commerce.

87. At all times relevant to this Class and Collective Action Complaint, F&M Construction had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff and the FLSA Class who worked as laborers and handled machinery and equipment that originated outside of the State of New York.

88. Upon information and belief, the gross annual volume of sales made or business done by F&M Construction for the year 2020 was not less than $500,000.00.

89. At all times relevant to this action, Plaintiff and the FLSA Class were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

90. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

91. By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiff and the FLSA Class overtime compensation as required by the FLSA.

92. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

93. However, none of the Section 13 exemptions apply to Plaintiff and the FLSA Class because they have not met the requirements for coverage under the exemptions.

94. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

95. Defendants have not acted in good faith with respect to the conduct alleged herein.

96. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO PAY MINIMUM WAGES**

97. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

98. Defendants routinely and regularly failed to pay Plaintiff and the FLSA Class the applicable statutory minimum wage for all hours worked, in violation of 29 U.S.C. §206(a).

99. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

100. Defendants have not acted in good faith with respect to the conduct alleged herein.

101. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

102. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

103. At all times relevant to this Action, Plaintiff and the New York Class were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

104. At all times relevant to this Action, Defendants were "employers" of Plaintiff and the New York Class within the meaning of the NYLL and the supporting Regulations pertaining thereto.

105. At all times relevant to this Action, Plaintiff and the New York Class were "employees" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

106. At all times relevant to this Action, Defendants employed Plaintiff and the New York Class, suffering or permitting them to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

107. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff and the New York Class.

108. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

109. By the above-alleged conduct, Defendants failed to pay Plaintiff and the New York Class overtime compensation as required by the NYLL and the Regulations pertaining thereto.

110. By the above-alleged conduct, Defendants failed to pay Plaintiff and the New York Class overtime compensation for the time periods in which they worked in excess of forty (40) hours per week.

111. Plaintiff and the New York Class were not exempt from the overtime provisions of the NYLL, because they did not meet the requirements for any of the reduced number of exemptions available thereunder.

112. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for the matter of whether their conduct violated the NYLL.

113. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's and the New York Class' rights.

114. Defendants have not acted in good faith with respect to the conduct alleged herein.

115. As a result of Defendants' violations of the NYLL, Plaintiff and the New York Class have incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### COUNT IV
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 19
### FAILURE TO PAY MINIMUM WAGES

116. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

117. As set forth herein, Defendants regularly and routinely failed to pay Plaintiff and the New York Class at the applicable statutory minimum hourly wage in violation of Article 19 of the NYLL.

118. Defendants willfully failed to pay Plaintiff and the New York Class at the applicable minimum hourly wage in violation of Article 19 of the NYLL, specifically NYLL § 652, and the supporting New York State Department of Labor Regulations.

119. As a result of Defendants' unlawful practices, Plaintiff and the New York Class have suffered a loss of wages.

120. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's and the New York Class' rights.

121. As a result of Defendants' violations of the NYLL, Plaintiff and the New York Class have incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### COUNT V
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLES 6 AND 19
### FAILURE TO PAY REGULAR WAGES

122. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

123. In violation of the NYLL and the regulations pertaining thereto, Defendants failed to pay Plaintiff and the New York Class the agreed upon hourly rates of pay for the hours that they worked at the residential construction site.

124. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's and the New York Class' rights.

125. As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiff and the New York Class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT VI
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

126. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

127. Defendants willfully failed to furnish Plaintiff and the New York Class with wage notices during the entirety of their employment, including the dates of their hiring, as required by NYLL § 195(1), in English or in the language identified by each employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rate of pay

16

and overtime rate of pay.

128. Through their knowing and intentional failure to provide Plaintiff and the New York Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

129. Due to Defendants' willful violations of the NYLL, Plaintiff and the New York Class are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VII
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

130. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

131. Defendants willfully failed to provide Plaintiff and the New York Class complete and accurate wage statements as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

132. Through their knowing and intentional failure to provide Plaintiff and the New York Class with complete and accurate wage statements, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

133. Due to Defendants' willful violations of the NYLL, Plaintiff and the New York Class are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally, and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.  Declare and find that Defendants committed one or more of the following acts:

   1.  Willfully violated the provisions of the FLSA by failing to pay overtime compensation and minimum wages to Plaintiff and all others similarly situated;

   2.  Willfully violated the provisions of the NYLL by failing to pay overtime compensation, minimum wages, and regular wages to Plaintiff and all others similarly situated;

   3.  Willfully violated the provisions of the NYLL by unlawfully withholding the tips of Plaintiff and all others similarly situated;

   4.  Willfully violated the provisions of the NYLL by failing to provide wage notices and wage statements to Plaintiff and all others similarly situated;

B.  Award compensatory damages, including all overtime compensation, minimum wages, spread of hours compensation, and earned tips owed, in an amount according to proof;

C.  Award liquidated damages under the NYLL, or alternatively the FLSA;

D.  Award wage notice and wage statement statutory damages under the NYLL;

E.  Award interest on all NYLL overtime compensation, minimum wages, spread of hours compensation, and earned tips due accruing from the date such amounts were due;

F.  Award all costs, disbursements, and attorney's fees incurred in prosecuting this action; and

G.  Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
      May 6, 2021

                                                                                     _____
                                                                                     Justin M. Reilly, Esq.
                                                                                      Keith E. Williams, Esq.
                                                                                      Neil H. Greenberg & Associates, P.C.
                                                                                      *Attorneys for the Plaintiff*
                                                                                      4242 Merrick Road
                                                                                      Massapequa, New York 11758
                                                                                      Tel: 516.228.5100
                                                                                      justin@nhglaw.com
                                                                                      keith@nhglaw.com

19

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda en contra **F & M Construction and Development Corp and Fodie M. Koita** y/o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b).

I, consent to be a party plaintiff in a lawsuit against **F & M Construction and Development Corp and Fodie M. Koita** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

**Fecha:**   March 17, 2021

**Firma:**   *Efren Garrido*
             Efren Garrido