UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #:_____                   │
│ DATE FILED:___6/27/2022___                │
└─────────────────────────────────────────┘
```

EFREN GARRIDO, *individually and on behalf of all others similarly situated*,

                    Plaintiffs,

            -against-

F&M CONSTRUCTION AND DEVELOPMENT CORP. and FODIE M. KOITA,

                    Defendants.

21-cv-4084-MKV

ORDER GRANTING MOTION TO COMPEL AND ORDER TO SHOW CAUSE WHY DEFENSE COUNSEL AND DEFENDANTS SHOULD NOT BE SANCTIONED

MARY KAY VYSKOCIL, United States District Judge:

In letters dated February 17, 2022 and February 24, 2022 [ECF Nos. 37, 38], Plaintiffs represented to the Court that Defendants had failed to comply with discovery rules, failed to meet court-ordered deadlines set forth in the Civil Case Management Plan and Scheduling Order in this case [ECF No. 35], prevented mediation from proceeding in accordance with the Court's order [ECF No. 36], and otherwise failed to cooperate with Plaintiffs' counsel in good faith to move this case forward.  Defendants failed to respond to those letters.

 In an Order dated March 2, 2022 [ECF No. 39], the Court admonished Defendants to work cooperatively with Plaintiffs' counsel to complete the discovery in this case.  The Court warned defense counsel and defendants themselves that failure to comply with the Court's orders and Rules might result in sanctions, including monetary sanctions and preclusion of defenses. The Court also granted Plaintiffs leave to file a motion to compel if Defendants continued to violate discovery rules.

On March 16, 2022, Plaintiffs filed a motion to compel [ECF Nos. 40, 41 ("Pl. Mem."), 42].  In the brief in support of that motion, Plaintiffs stated that Defendants had still failed to serve "(i) Initial Disclosures pursuant to Rule 26; (ii) Responses to Plaintiffs' First Request for

the Production of Documents; (iii) Responses to Plaintiffs' First Set of Interrogatories; (iv) Responses to Plaintiffs' First Request for Admissions; and (v) documents responsive to Plaintiffs' requests." Pl. Mem. at 4. Plaintiffs also represented that defense counsel failed to appear for court-ordered mediation, Pl. Mem. at 4, which representation the Mediator confirmed [ECF No. 43]. Defendants failed to respond to Plaintiffs' motion to compel as required by the Court's Individual Rules of Practice in Civil Cases.

In an Order To Show Cause dated May 2, 2022, the Court directed defense counsel to file a letter explaining why Defendants and defense counsel should not be sanctioned [ECF No. 46]. The Court again warned defense counsel and Defendants themselves that failure to comply with the Court's orders and Individual Rules could result in sanctions, including monetary sanctions and preclusion of defenses. In response to the Court's May 2, 2022 Order To Show Cause, defense counsel filed a letter, dated May 6, 2022, representing that defense counsel had "informed [Defendants] of the repeated warnings from the Court regarding continued failure to comply with the outstanding discovery" and "the Court's admonition that failure to produce the documents requested by Plaintiff puts them at risk of sanctions by the Court" [ECF No. 47]. Defense counsel requested a "14-day extension to comply with the outstanding discovery and move this case forward."

In an Order dated May 9, 2022, the Court granted the defense "14 days to produce all outstanding discovery" [ECF No. 48]. The Court directed the parties to file a joint status letter on May 23, 2022 in which Plaintiff would inform the Court whether he would withdraw the motion to compel. The Court also ordered the parties to complete all discovery by June 21, 2022. In its May 9, 2022 Order, the Court again warned defense counsel and Defendants that failure to comply with court orders and discovery rules might result in sanctions.

On May 23, 2022, defense counsel filed a letter requesting a one-week extension of time to file the parties' joint status letter because defense counsel was "out of the country receiving medical treatment" [ECF No. 49].  The Court granted that request [ECF No. 50].  On May 31, 2022, Plaintiff filed a letter stating that he could not withdraw his motion to compel because he had "not received any of the outstanding discovery responses, documents, or Rule 26 Initial Disclosures from Defendants" [ECF No. 51].  In a letter date June 1, 2022, defense counsel requested another extension of time "until June 10, 2022" to "submit the outstanding discovery" [ECF No. 52].  In a letter dated June 15, 2022, Plaintiff's counsel represented: "Defendants have still not taken any action to cure their discovery violations and I have not received any of the outstanding discovery that Defendants have been promising for months" [ECF No. 53].

In an Order dated June 21, 2022, the Court scheduled a conference for June 30, 2022 [ECF No. 54].  The Court explained that defense counsel and Defendants will face sanctions for their "repeated failures to heed the Court's orders and warnings."  The Court also ordered defense counsel to file, by June 23, 2022, (1) an affidavit representing that he has informed his clients that they may be sanctioned, and (2) any written submission in response to Plaintiff's representations that Defendants have "not taken any action to cure their discovery violations." The June 23, 2022 deadline has passed, and defense counsel has not filed anything.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel [ECF No. 40] is GRANTED.  IT IS FURTHER ORDERED that, by June 28, 2022 at 5:00 p.m., defense counsel and Defendants shall file a letter showing cause why they should not be sanctioned. Defense counsel has mentioned receiving medical treatment [ECF Nos. 49, 52].  However, if personal circumstances prevent counsel from discharging his professional responsibilities, he

cannot simply remain counsel of record while ignoring court orders.  With respect to

Defendants themselves, they cannot "avoid the consequences of the acts or omissions" of their

chosen counsel.  *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962).

The Clerk of Court is respectfully directed to terminate the motions pending at docket

entries 40 and 52.

**SO ORDERED.**

**Date:  June 27, 2022**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**